## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER a/s/o W.S., | |
| Plaintiffs, | CIVIL ACTION NO.: 12-6867 |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NJ; REMPAC FOAM, LLC; ABC. CORP. (1-10)(Said names being fictitious and unknown entities), | |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Horizon Blue Cross Blue Shield of New Jersey (improperly pleaded as Horizon Blue Cross Blue Shield of NJ) ("Horizon") hereby answers the Complaint filed by Plaintiff Montvale Surgical Center a/s/o W.S. and files the following Affirmative Defenses.

### **THE PARTIES**

1.     Horizon admits only that Plaintiff is an out-of-network provider and does not have a contract with Horizon.   Horizon is without sufficient knowledge to confirm or deny the remaining allegations contained within paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2.     Horizon is without sufficient knowledge to confirm or deny the allegations contained within paragraph 2 of the Complaint and leaves Plaintiff to its proofs.

3.     Horizon is without sufficient knowledge to confirm or deny the allegations contained within paragraph 3 of the Complaint and leaves Plaintiff to its proofs.

4.       Horizon denies each and every allegation contained in paragraph 4 of the Complaint.

5.       Horizon denies each and every allegation contained in paragraph 5 of the Complaint except to admit only that W.S. was a subscriber to a fully insured group health benefit plan issued by Horizon.

6.       Horizon denies each and every allegation contained in paragraph 6 of the Complaint except to admit that Horizon is a not-for-profit health service corporation of the State of New Jersey established under the Health Service Corporations Act, N.J.S.A. 17:47E-1 to -48, and is authorized to do business in the State of New Jersey with its principal place of business located at Three Penn Plaza, Newark, New Jersey.

7.       Horizon denies each and every allegation contained in paragraph 7 of the Complaint.  By way of further answer, any assignment of benefits as against Horizon is void and unenforceable as a matter of public policy.   See Somerset Orthopedic Associates, P.A. v. Horizon Blue Cross Blue Shield of New Jersey, 345 N.J. Super. 410, 413-415 (App. Div. 2001).

## SUBSTANTIVE ALLEGATIONS

8.       Horizon denies each and every allegation contained in paragraph 8 of the Complaint except to admit that Horizon administers a fully insured group health benefit plan which provides in-network benefits and in some instances provides out-of-network benefits.

9.       Horizon denies that the services allegedly rendered were "medically necessary" and were approved by Horizon.  Horizon is without sufficient knowledge to confirm or deny the remaining allegations within paragraph 9 of the Complaint and leaves Plaintiff to its proofs.

10.      Horizon denies each and every allegation contained in paragraph 10 of the Complaint.

2

11.     Horizon denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Horizon denies each and every allegation contained in paragraph 12 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

13.     Horizon denies each and every allegation contained within paragraph 13 of the Complaint.

14.     Horizon denies each and every allegation contained within paragraph 14 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

15.     Horizon denies each and every allegation contained within paragraph 15 of the Complaint.

16.     Horizon denies each and every allegation contained within paragraph 16 of the Complaint.

17.     Horizon denies each and every allegation contained within paragraph 17 of the Complaint.

18.     The averments contained in paragraph 18 of the Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 18 of the Complaint.

3

19.     Horizon denies each and every allegation contained within paragraph 19 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

20.     Horizon denies each and every allegation contained within paragraph 20 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

**FIRST COUNT**
**(Violation of ERISA)**

21.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

22.     Horizon denies each and every allegation contained within paragraph 22 of the Complaint except to admit only that the health benefit plan under which Plaintiff is seeking benefits is governed the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

23.     Horizon denies each and every allegation contained within paragraph 23 of the Complaint except to admit only that the fully insured group health benefits plan under which Plaintiff is making a claim for benefits is issued and administered by Horizon.

24.     The averments contained in paragraph 24 of the Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 24 of the Complaint.

4

25.     The averments contained in paragraph 25 of the Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 25 of the Complaint.

26.     The averments contained in paragraph 26 of the Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 26 of the Complaint.

27.     Horizon is without sufficient information to confirm or deny the allegations contained within paragraph 27 of the Complaint and leaves Plaintiff to its proofs.

28.     Horizon denies each and every allegation contained within paragraph 28 of the Complaint.

29.     Horizon denies each and every allegation contained within paragraph 29 of the Complaint.

30.     Horizon denies each and every allegation contained within paragraph 30 of the Complaint except to admit only that the fully insured group health benefit plan under which Plaintiff is making a claim for benefits is issued and administered by Horizon.

31.     Horizon denies each and every allegation contained within paragraph 31 of the Complaint.

32.     Horizon denies each and every allegation contained within paragraph 32 of the Complaint.

33.     Horizon denies each and every allegation contained within paragraph 33 of the Complaint.

34.     Horizon denies each and every allegation contained within paragraph 34 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## SECOND COUNT
### (ERISA – Breach of Fiduciary Duty)

35.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

36.     The averments contained in paragraph 36 of the Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 36 of the Complaint.

37.     The averments contained in paragraph 37 of the Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 37 of the Complaint.

38.     The averments contained in paragraph 38 of the Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 38 of the Complaint.

39.     The averments contained in paragraph 39 of the Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 39 of the Complaint.

2812628-01

40.     Horizon denies each and every allegation contained within paragraph 40 of the Complaint.

41.     Horizon denies each and every allegation contained within paragraph 41 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

**THIRD COUNT**
**(Breach of Contract - Horizon)**

42.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

43.     Horizon admits only that it conducts business throughout the State of New Jersey, including Bergen County.  The remaining allegations contained within paragraph 43 of the Complaint are legal averments to which no response is required.  To the extent that an answer is deemed necessary, Horizon denies the remaining allegations contained within paragraph 43 of the Complaint.

44.     Horizon denies each and every allegation contained within paragraph 44 of the Complaint.

45.     Horizon denies each and every allegation contained within paragraph 45 of the Complaint.

46.     Horizon denies each and every allegation contained within paragraph 46 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

**FOURTH COUNT**

7

**(Breach of Contract - Rempac)**

47.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

48.     The allegations contained within paragraph 48 of the Complaint are not directed towards Horizon therefore no response is necessary.  To the extent that a response is required, Horizon is without sufficient information to confirm or deny the allegations contained within paragraph 48 of the Complaint and leaves Plaintiff to its proofs.

49.     Horizon denies each and every allegation contained within paragraph 49 of the Complaint.

50.     Horizon denies each and every allegation contained within paragraph 50 of the Complaint.

51.     Horizon denies each and every allegation contained within paragraph 51 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## FIFTH COUNT
**(Promissory Estoppel)**

52.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

53.     Horizon denies each and every allegation contained within paragraph 53 of the Complaint.

54.     Horizon denies each and every allegation contained within paragraph 54 of the Complaint.

2812628-01

55.     Horizon denies each and every allegation contained within paragraph 55 of the Complaint

56.     Horizon denies each and every allegation contained within paragraph 56 of the Complaint.

57.     Horizon denies each and every allegation contained within paragraph 57 of the Complaint.

58.     Horizon denies each and every allegation contained within paragraph 58 of the Complaint.

59.     Horizon denies each and every allegation contained within paragraph 59 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## SIXTH COUNT
**(Negligent Misrepresentation)**

60.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

61.     Horizon denies each and every allegation contained within paragraph 61 of the Complaint.

62.     Horizon denies each and every allegation contained within paragraph 62 of the Complaint.

63.     Horizon denies each and every allegation contained within paragraph 63 of the Complaint.

64.     Horizon denies each and every allegation contained within paragraph 64 of the Complaint.

65.     Horizon denies each and every allegation contained within paragraph 65 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## SEVENTH COUNT
### (Unjust Enrichment)

66.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

67.     Horizon denies each and every allegation contained within paragraph 67 of the Complaint.

68.     Horizon denies each and every allegation contained within paragraph 68 of the Complaint.

69.     Horizon denies each and every allegation contained within paragraph 69 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## EIGHT COUNT

70.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

71.     The allegations contained in paragraph 71 of the Complaint are not directed towards Horizon and therefore no response is necessary.  To the extend an answer is deemed necessary, Horizon is without sufficient knowledge to confirm or deny the allegations contained within paragraph 71 of the Complaint and leaves Plaintiff to its proofs.

2812628-01

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

> CONNELL FOLEY LLP
> Liberty View
> 457 Haddonfield Rd., Ste. 230
> Cherry Hill, NJ 08002
> *Attorneys for Defendant*
> *Horizon Blue Cross Blue Shield*
> *of New Jersey*
>
> BY:   _____
> Edward S. Wardell, Esquire
> Matthew A. Baker, Esquire

DATE:   November 26, 2012

2812628-01

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the express terms of the applicable health benefit plan.

3.      Plaintiff's claim seeks benefits that are not eligible for coverage according to the terms of the relevant health benefit plan.

4.      Plaintiff's claims are barred because Plaintiff lacks any contract with Horizon.

5.      Horizon did not violate any legal or contractual duty owed to Plaintiff.

6.      Horizon acted reasonably and in good faith with Plaintiff at all times.

7.      Horizon denies the reasonableness, accuracy and appropriateness of the allegations in the Complaint.

8.      The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Plaintiffs are limited to remedies thereunder as against Horizon which are limited to payment of benefits that were allegedly denied.

9.      Plaintiff's claims are expressly and completely preempted in whole or in part by Sections 502(a) and 514(a) of ERISA, 29 U.S.C. §§1132(a) and 1144(a).

10.      Plaintiff's claims are barred by reasons of the Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

11.      The Complaint may be barred by the applicable Statute of Limitations.

12.      Plaintiff's claims are barred because Plaintiff lacks standing to pursue this action.

13.      Plaintiff has failed to exhaust all appeal rights under the group health benefit plan and ERISA.  Thus, the Complaint is premature and must be dismissed.

14.     Plaintiff's claims are barred because Horizon fulfilled all its obligations under the health benefits plan and/or policies of insurance.

15.     Denial of benefits to the plaintiff can only be reversed upon proof that Horizon acted in an arbitrarily and capricious manner, which it did not.

16.     Plaintiff's state law claims, including breach of contract, promissory estoppel, negligent misrepresentation and unjust enrichment, as well as plaintiff's demand for a jury trial are barred by ERISA.

17.     Horizon reserves the right to amend its answer to assert additional defenses and/or supplement, alter or change its answers upon completion of the appropriate investigation and discovery.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield*
*of New Jersey*

BY: _____
Edward S. Wardell, Esquire
Matthew A. Baker, Esquire

DATE:    November 26, 2012

13

2812628-01

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Matthew A. Baker, Esquire is designated for trial counsel for

Defendant Horizon Blue Cross Blue Shield of New Jersey.

> CONNELL FOLEY LLP
> Liberty View
> 457 Haddonfield Rd., Ste. 230
> Cherry Hill, NJ 08002
> *Attorneys for Defendant*
> *Horizon Blue Cross Blue Shield*
> *of New Jersey*
>
> BY: _____
> Edward S. Wardell, Esquire
> Matthew A. Baker, Esquire

DATE:    November 26, 2012

14

## CERTIFICATE OF SERVICE

I, Angela M. Grasso, of full age, hereby certify that the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Civil Procedure and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

> Massood & Bronsnick, LLC
> 50 Packanack Lake Rd. East
> Wayne, NJ 07470
> *Attorneys for Plaintiff*

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Angela Grasso

Angela M. Grasso

DATE:    November 26, 2012

15

2812628-01